UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. HINDRAK, | ) Case No. EDCV 12-1390SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION AND |
| vs. | ) ORDER |
| | ) |
| MICAHEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant | ) |

## I. **INTRODUCTION**

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income under Titles II and XVI, respectively, of the Social Security Act (Act). Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. Plaintiff and defendant have filed their pleadings (Defendant's Answer; Plaintiff's Brief with Points and Authorities in Support of Plaintiff's Complaint; Defendant's

Brief in Opposition to Complaint), and defendant has filed the Certified Administrative Record (AR). After review of the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

## II. BACKGROUND

On June 29, 2009, Plaintiff Michael J. Hrindak filed applications for DIB and SSI, alleging disability beginning December 7, 2008. (AR 13, 112-16). On October 13, 2009 plaintiff's applications were denied. (AR 55-59). On March 7, 2011 an Administrative Hearing was held before an Administrative Law Judge (ALJ). Subsequently, the ALJ issued a decision denying both applications on May 6, 2011. Plaintiff's request for review by the Appeals Council was denied on June 23, 2011. On August 17, 2012, plaintiff filed this action for judicial review of the Commissioner's decision.

Plaintiff makes three challenges to the ALJ's decisions denying him disability benefits, alleging (1) the ALJ's finding that plaintiff could perform his past relevant work was inconsistent with the definition of inside sales order clerk as defined by the Dictionary of Occupational Titles (DOT); (2) the ALJ failed to properly consider plaintiff's testimony and failed to make proper credibility findings; and (3) the ALJ failed to properly consider the lay witness testimony of plaintiff's sister, Petrea Agar.

Each of these contentions will be addressed in turn.

## III. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405, this court reviews the Commissioner's decision to determine if (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. Delorme v.

Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401; 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 83 L. Ed. 126, 59 S. Ct. 206 (1938)), but "less than a preponderance." Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988).

### B. ISSUE NO. 1: Whether the ALJ Properly Determined that Plaintiff Could Perform Past Relevant Work as an Inside Sales Order Clerk.

Plaintiff asserts that the ALJ improperly determined that he could perform his past relevant work as an inside sales order clerk because he is precluded from intense personal interactions, and the occupation of inside sales order clerk requires intense personal interactions. In response, defendant asserts that the ALJ properly determined that Plaintiff could perform past relevant work because the occupation of inside sales clerk does not require intense personal interactions.

The ALJ determined that plaintiff had the following severe impairments: lumbar strain, status post-surgery, depressive disorder-NOS, and psychological reaction to physical condition. (AR 15). The ALJ also determined that plaintiff had the Residual Functional Capacity (RFC) to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except for limitations as to "lifting/carrying 10 pounds frequently and 20 pounds occasionally, standing/walking and sitting for 6 hours each in an 8 hour day, with normal breaks, occasional climbing stairs/ramps, bending, stooping, kneeling, crouching and crawling, and preclusion from climbing ladders/ropes/scaffolds, exposure to hazards, and from intense personal interactions." (AR 16-17). The ALJ further determined that plaintiff was capable of performing past relevant work as an inside sales clerk, and that the work does not

require performance of work-related activities which are precluded by plaintiff's RFC. (AR 19).

In deciding whether a claimant can perform past relevant work, the ALJ must determine whether the claimant can perform the functional demands of the past relevant work as they were actually performed or generally performed throughout the national economy. Lewis v. Barnhart, 281 F.3d 1081, 1093 (9th Cir. 2002); 20 C.F.R. § 404.1560(b). The ALJ must make a careful appraisal of: (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his inability to meet those requirements; (2) medical evidence establishing how the impairment limits the ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers and the DOT. S.S.R. No. 82-62. The decision must be developed and fully explained. Id.

Here, the ALJ did not provide an explanation for finding that plaintiff could perform past relevant work as actually or generally performed, and relied entirely on the conclusion of the vocational expert, referencing only the testimony of the vocational expert who stated that plaintiff could perform his past relevant work as an order clerk. (AR 19). The ALJ did not provide a careful appraisal of plaintiff's statements or treatment record, and did not elicit any testimony from plaintiff or other witnesses with regard to the actual requirements of his past work. The ALJ also did not make a specific finding as to why he could or could not perform those requirements. The ALJ did not discuss any medical evidence that would indicate whether plaintiff could or could not meet the mental and physical requirements of an inside sales order clerk. Although the ALJ listed a few of the duties of an order clerk, including answering phones, order entry, and checking inventory, as defined in the DOT 249.362-026, the ALJ did not provide specific findings that indicated

1  whether those duties could be performed by plaintiff given his severe impairments,
2  limitations and RFC. (AR 19).
3  　　　Since the ALJ's decision was not fully developed or explained, the ALJ's
4  conclusion is not supported by substantial evidence.

### C. ISSUE NO. 2: Whether the ALJ Properly Considered Plaintiff's Testimony and Made Proper Credibility Findings.

Plaintiff contends that the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony. Defendant contends that where no physician opined that Plaintiff suffered a disability, the ALJ reasonably found Plaintiff's subjective complaints to be less than credible.

In determining that a claimant's testimony is not credible, the ALJ is required to make a specific finding regarding the believability of the claimant and whether the ALJ finds his description of his symptoms, such as pain, to be credible. See Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990). An implicit finding that claimant is not credible is insufficient. Id. Unless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Valentine v. Comm'r SSA, 574 F.3d 685, 693 (9th Cir. 2009) (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). The ALJ must set forth specific cogent reasons for disbelieving the claimant. Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). An absence of such findings constitutes reversible error.

In determining whether a claimant is credible, the ALJ may consider the nature of his or her daily activities, Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). The claimant's daily activities, if rigorous enough to be a fair proxy for the demands of work, can constitute a basis to find allegations of disability pain (or other subjective symptoms) not credible. See Fair v. Bowen, 885 F. 2d 597, 603

(9th Cir. 1989); but see Vertigan v. Halter, 260 F.3d 1044, 1049-50 (9th Cir. 2001) (holding that "the mere fact that a plaintiff has carried on certain daily activities such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability").

Here, the ALJ made no determination that plaintiff was malingering but did not provide clear and convincing reasons for finding plaintiff not credible. The ALJ found that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible..." (AR 18).

Defendant asserts that the ALJ's determination of credibility properly relied on statements from the medical expert, consultative orthopedic surgeon and consultative psychiatrist who opined that plaintiff could work with some limitations. (AR 37, 275-76, 281-82). However, the ALJ's decision did discuss the consultative examiner, Dr. Moazzaz opinion that Plaintiff's thoracolumbar range of motion was diminished. (AR 274-76). However, the ALJ also ignored the treatment record which included a series of treatment notes from plaintiff's chiropractor, Timothy R. Noble, D.C.; surgery and post-surgery treatment notes from Kaiser Permanente; and medical records from St. Joseph Heritage Medical Group, which chronicled plaintiff's treatment for lower back pain, depression and general health. (AR 18, 329-48, 349-97, 398-427).

The ALJ considered plaintiff's daily activities of driving a Toyota Tundra and cooking to be inconsistent with his allegation of disabling pain. However, the ALJ failed to discuss how long plaintiff could engage in these activities and whether they were transferable to a work setting. In the Functional Report, plaintiff stated that he was unable to drive for long distances or sit for very long, his cooking was limited to preparing frozen dinners, he spends only half an hour

6

1 shopping for groceries, and he cannot sit at the computer for very long. (AR 155-
2 58). Plaintiff's daily activities are not necessarily inconsistent with subjective
3 symptoms of pain that could prevent him from functioning in the workplace.

4     The ALJ also based her credibility finding on the determination that
5 plaintiff's treatment regimen was generally conservative, including the fact that his
6 medication was limited to over-the-counter Tylenol, and he did not receive
7 psychiatric treatment despite claiming to suffer mental breakdowns. However, the
8 ALJ did not discuss the treatment record which indicated that Plaintiff was
9 prescribed Paroxetine, an anti-depressant; Naproxen, an anti-inflammatory
10 medication to treat pain; and methocarbamol, a muscle relaxant. (AR 412).
11 Plaintiff also testified that in the past he was prescribed Vicodin and Norco (which
12 did not completely alleviate his pain), but discontinued using them for fear of
13 becoming addicted to pain killers. (AR 40). In addition, plaintiff testified that
14 doctors recommended that he use an inversion table, which he used at least every
15 day to manage his back pain. (AR 41). Also, plaintiff's treatment record from St.
16 Joseph Medical Group indicates he sought consistent and regular follow-up
17 treatment for depression. (AAR 398-427).

18     The ALJ did not provide clear and convincing reasons for ignoring the
19 treatment record or for finding that plaintiff's daily activities were inconsistent
20 with his disability allegations. The ALJ should have considered and discussed this
21 evidence in making her credibility determination.

### D. ISSUE NO. 3: Whether the ALJ Properly Considered the Lay Witness Testimony

25     Plaintiff contends that the ALJ did not properly consider the testimony of
26 Plaintiff's sister, Petrea Agar. In response, defendant asserts that any error in
27 failing to address Petrea Agar's testimony was harmless error.

The ALJ is required to consider the credibility of lay testimony provided by family members who provide their own statement regarding a claimant's disabling symptoms. Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009). If an ALJ rejects lay witness testimony, the ALJ must provide specific reasons that are germane to each witness whose testimony he rejects. Id. (citing Stout v. Comm'r, Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006)). However, where an ALJ fails to properly discuss lay witness testimony, the error may be considered harmless if the court finds that, when fully crediting the testimony, no reasonable ALJ could have reached a different conclusion. Stout, 454 F.3d at 1056. If the ALJ provided clear and convincing reasons for rejecting the claimant's subjective complaints, and the lay witness testimony was similar to such complaints, it follows that the ALJ gave germane reasons for rejecting the lay witness testimony. Valentine v. Comm'r, 574 F.3d 685, 695 (9th Cir. 2009).

The Ninth Circuit, however, has never concluded that an ALJ's complete silence and disregard of lay testimony was harmless error. See Stout, 454 F.3d at 1056. The Ninth Circuit has consistently reversed the Commissioner's decision for failure to comment on such competent testimony. Id. (citing Merrill ex rel. Merrill v. Apfel, 224 F.3d 1083, 1085-86 (9th Cir. 2000); Schneider v. Comm'r of Social Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000); Dodrill v. Shalala, 12 F. 3d 915, 919 (9th Cir. 1993)).

Defendant asserts that because the ALJ reasonably found plaintiff's subjective complaints to be less than credible, no reasonable ALJ would credit similar statements made by the lay witness. Since this Court finds that the ALJ improperly discredited plaintiff's testimony for lack of clear and convincing reasons, the Court need not address whether a reasonable ALJ would fully credit lay witness statements that are similar to plaintiff's statements. The ALJ's

complete disregard of Petrea Agar's testimony may not be considered harmless error.

### IV. <u>CONCLUSION</u>

For the forgoing reasons, the decision of the Commissioner is reversed and remanded for further proceedings, pursuant to Sentence 4 of 42 U.S.C. §405(g).

DATED: March 21, 2013

*[signature]*

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE